UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IDA LEE,<br><br>　　　　Plaintiff,<br><br>v.<br><br>HON. JEFF PAYNE, et al.,<br><br>　　　　Defendants. | Case No. 3:23-cv-00388-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court are three motions: Plaintiff Ida Lee's Petition to Quash for Lack of Capacity (Dkt. 2), Plaintiff Ida Lee's Ex Parte Application for Emergency Injunction and Temporary Restraining Order (Dkt. 4) (together, the "Petitions") and Defendants'[1] Motion to Dismiss and/or Remand and for Award of Attorney Fees and Costs (Dkt. 6).

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the pending motions on the record and without oral argument.[2] Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons outlined below, Plaintiff's

---

[1] The Defendants in this case are the Honorable Jeff Payne, Robert J. Kwate, and Johnathan D. Hally. The Court refers to them collectively as "the Defendants."

[2] The Court typically allows time for a moving party to submit a reply to submission from a responding party. Dist. Idaho Loc. Civ. R. 7.1(b)(3). However, finding there is no argument Plaintiff could advance that would alter today's Memorandum Decision and Order (the "Order"), the Court issues the Order without having received a reply to Defendants' most recent responsive pleading.

MEMORANDUM DECISION AND ORDER – 1

Petitions are DENIED, Defendants' Motion is GRANTED in PART and DENIED in PART, and the case is REMANDED to state court.

## II. BACKGROUND

This case arises out of a dispute surrounding a trust created by Lucy B. Lyons in her Last Will and Testament (the "Trust"). In the Trust, Lyons named her daughter Wilma E. Bentley ("Bentley") as a trustee and beneficiary, and her granddaughter Melony K. McRoberts ("McRoberts") as a successor trustee and contingent beneficiary. On March 23, 2022, McRoberts initiated a suit in state court, asserting that Bentley had not complied with trust directives and was misusing trust assets. In her complaint, McRoberts requested that the court remove Bentley as trustee and install McRoberts as successor trustee. Bentley responded to the complaint *pro se*, contesting McRoberts' allegations.

As the litigation proceeded, Ida Lee, a non-attorney and the Plaintiff in this case, began acting on behalf of Bentley, "in her capacity as [power of attorney]," and raised a variety of procedural and constitutional concerns with the ongoing proceedings. Dkt. 2-1, at 1–6. The state court apparently found Lee's concerns unfounded, declined to allow her to represent Bentley, and continued its course. Lee subsequently attempted to remove the case to federal court, requesting that the Court quash the state-court proceedings and issue a temporary restraining order halting all litigation. Defendants opposed Lee's Petitions, asked the Court to remand all matters to state court, and requested attorney fees and costs. Dkt. 6.

## III. LEGAL STANDARD

As a general rule, courts are to construe pro se pleadings liberally, and must give

MEMORANDUM DECISION AND ORDER – 2

pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). However, even in pro se pleadings, plaintiffs have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Because Lee and Defendants raise multiple arguments in their filings, the Court will here outline the relevant legal standards, then discuss them more fully below.

### A. Temporary Restraining Order

A plaintiff seeking a temporary restraining order ("TRO") "must establish (1) that [she] is likely to succeed on the merits, (2) that [she] is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in [her] favor, and (4) that an injunction is in the public interest." *E.g.*, *CTIA-The Wireless Ass'n v. City of Berkeley*, 854 F.3d 1105, 1114 (9th Cir. 2017) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)); *see also Stuhlbarg Int'l Sales Co. v. John D. Brushy & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting that the analysis for a TRO is "substantially identical" to the analysis for a preliminary injunction).

The purpose of a TRO, like that of a preliminary injunction, is to maintain "the status quo ante litem pending a determination of the action on the merits." *L.A. Mem'l Coliseum Comm'n v. NFL*, 634 F.2d 1197, 1200 (9th Cir. 1980); *see also* Fed. R. Civ. P. 65. However, unlike a preliminary injunction, a TRO typically lasts only twenty-eight (28) days unless good cause is shown, whereas a preliminary injunction lasts for the duration of the lawsuit. *Innovation Law Lab v. Nielsen*, 310 F. Supp. 3d 1150, 1156 n. 1 (D. Or. 2018). A court may issue a TRO without a hearing and without notice to the adverse party, but

only under certain conditions. Fed. R. Civ. P. 65(b).

### B. Standing

Standing is the determination of whether a specific person is the proper party to bring a particular matter to the court for adjudication. To have standing in federal court, a plaintiff must allege: (1) he or she has suffered or will suffer injury, (2) the injury is fairly traceable to the defendant's conduct, and (3) a favorable court decision is likely to redress the injury. *See Biodiversity Legal Found. V. Badgley*, 309 F.3d 1166, 1121 (9th Cir. 2002).

### C. Unauthorized Practice of Law

Under Loc. Civ. R. 83.7, "Any person who is representing himself or herself without an attorney must appear personally for such purpose and may not delegate that duty to another person." A party may receive outside help in preparing court documents, but they must "personally participate in all aspects of the litigation . . . ." *Id*. *See also* 28 U.S.C. 1654.

### D. 42 U.S.C. § 1983

Under 42 U.S.C. § 1983, a party acting under the color of state or federal law may be held civilly liable if he or she deprives a person of their constitutional rights. However, the statute makes clear that "injunctive relief will not be granted unless a declaratory decree was violated or declaratory relief was unavailable." *Id.*

### E. Probate Exception

Federal courts cannot appropriately: (1) probate or annul a will, (2) administer a decedent's estate, or (3) assume *in rem* jurisdiction over property that is in the custody of the probate court. *See, e.g.*, *Goncalves By & Through v. Rady Children's Hosp. San Diego*, 865 F.3d 1237 (9th Cir. 2017).

### D. Attorney Fees

Pursuant to 28 U.S.C. section 1447(c), an order remanding a case back to state court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." In *Martin v. Franklin Capital Corp.*, the Supreme Court noted that the inclusion of the word "may" in section 1447(c) connotes discretion, and that an automatic award, or even a strong presumption in favor of, or against an award, would impede the exercise of such discretion. 546 U.S. 132, 136 (2005) (citing *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1994)).

## IV. ANALYSIS

Before beginning its substantive analysis, the Court wants to make clear that it understands Lee's frustrations and appreciates the great effort she took in crafting her Complaint. The legal system is complex and endeavoring to navigate it *pro se* is a massive undertaking. Additionally, Lee's efforts to help a friend in fragile health are nothing short of admirable. Nevertheless, the Court must dismiss Lee's petitions and remand this case back to Idaho state court because it lacks jurisdiction over the issues raised.

### A. Success on the Merits

The Court begins with an analysis of the request for a TRO because that analysis necessarily resolves Lee's Petition to Quash. The first factor of a TRO involves showing a likelihood of success on the merits. As explained, the granting or denying a motion for a TRO is not an adjudication on the merits; rather, it is a preliminary form of relief until the court can reach the merits. *Int'l Ass'n of Machinists & Aerospace Workers v. Nat'l Ry. Labor Conference*, 310 F. Supp. 904, 905 (D.D.C. 1970). Here, Lee cannot show a

likelihood of success on the merits.

### 1. Standing

As an initial matter, Lee lacks standing to bring the present case. Lee makes clear throughout her Petitions that she is acting on behalf of Bentley, her "Principal" and as a "party in interest." However, Lee removed this case to federal court in her own name. If the Court is to understand Lee to be the petitioner here, then, under *Badgley*, it must ask whether: (1) Lee has suffered or will suffer injury, (2) the injury is fairly traceable to defendant's conduct, and (3) a favorable court decision is likely to redress the injury. 309 F.3d at 1121. It cannot answer any of those question in the affirmative.

### 2. Unauthorized Practice of Law

Alternatively, if the Court is to understand Lee to be acting as counsel for Bentley, her case is still barred under both federal law and local rules. *See* Loc. Civ. R. 83.7; 28 U.S.C. § 1654. While it is true that Lee holds a power of attorney from Bentley, that power does not grant Lee the right to practice law without a license. *Vanzant v. Wilcox*, 2018 WL 4762115 (D. Idaho Oct. 2, 2018) (explaining that holding a power of attorney does not allow a party to circumvent the rules surrounding the unauthorized practice of law); *see also Johns v. Cnty of San Diego*, 114 F.3d 874 (9th Cir. 1997) ("While a non-attorney may appear pro se on his own behalf, [h]e has no authority to appear as an attorney for others than himself."); *Powerserve Int'l, Inc. v. Lavi*, 239 F.3d 508, 514 (2d Cir. 2001) (an "attorney-in-fact" may not litigate a pro se action on behalf of another).

### 3. 42 U.S.C. § 1983

Even if the Court were to ignore Lee's shortcomings related to standing and the

unauthorized practice of law, Lee is still unable to show a likelihood of success on the merits. In her Petition, Lee asks the Court to quash two ongoing state court proceedings with prejudice for failing to secure her constitutional rights as well as Bentley's constitutional rights. *See generally* Dkt. 2. She also requests that the Court "secur[e] to [Bentley] her rights to life in peace and safety," or alternatively, declare that the state of Idaho no longer "recognize the sovereignty of last will and testaments and other trusts." *Id.* at 30.

Setting aside potential issues under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), the Court understands the first petition to be a request for injunctive relief from the actions of Judge Payne. However, because Lee does not show that a Judge Payne violated a declaratory decree nor that declaratory relief was unavailable, the court cannot grant her petition under § 1983.[3]

### 4. *Probate Exception*

Further, under the federal probate exception, federal courts cannot administer a decedent's estate. *Rady Children's Hosp. San Diego*, 865 F.3d at 1237. Lee's obscure request that the Court secure Bentley's rights or declare that the state of Idaho no longer recognize her (or any) will and testament or trust would likely require the court to wade directly into the administration of Bentley's estate and other estates; something it cannot do.

### B. Irreparable Harm

The Court must next determine whether Lee can "demonstrate immediate threatened

---

[3] Additionally, Judge Payne is entitled to qualified immunity. *See Mireles v. Waco*, 112 S. Ct. 286 (1991) ("State court judges have absolute immunity from suit for damages arising from their judicial acts unless they act in a complete absence of jurisdiction."). There are no plausible allegations here that Judge Payne acted outside of his jurisdiction. Thus, he is entitled to qualified immunity.

injury" absent the Court's intervention. *Caribbean Marine Servs. Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988). The mere possibility of harm is insufficient. Instead, Lee must establish that irreparable harm is likely, not just possible, in the absence of an injunction. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011); *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 23 (2008). Irreparable harm has been described as "[p]erhaps the single most important prerequisite for the issuance of a preliminary injunction." 11A Wright & Miller, Fed. Prac. & Proc. § 2948.

Under the circumstances, the Court finds Lee cannot meet her burden of showing a likelihood of irreparable harm. To the knowledge of the Court, the proceedings at the state level have yet to reach their conclusion. No final decision has been made regarding the fate of the Trust, nor does it appear that such a decision is imminent. Further, the Court sees no scenario in which the mere continuation, or even a final resolution, of the state court proceedings poses any threat of harm to Lee.

Thus, she cannot show irreparable harm is possible, let alone likely, in the absence of Court intervention or because of Defendants' actions. In sum, Lee has failed to meet this prong of the Court's inquiry as well.

Where, as here, the Court finds that the Plaintiff cannot meet the first two factors of the TRO analysis, it need not continue its inquiry. *See All. for the Wild Rockies v. United States Forest Serv.*, No. 1:15-CV-00193-EJL, 2016 WL 3349221, at *3 (D. Idaho June 14, 2016) ("Where a plaintiff fails to demonstrate a likelihood of irreparable harm in the absence of preliminary relief, the court need not address the remaining elements of the preliminary injunction standard."). Further, because the Court's TRO inquiry necessarily

forecloses the issues surrounding Lee's Petition to Quash, the Court will not analyze that petition separately.

### C. Attorney Fees

District courts are granted significant discretion in the awarding of attorney fees and costs. *See, e.g.*, *Martin*, 546 U.S. at 136. Here, given Lee's apparent inexperience with the mechanics of the legal system, the Court exercises its discretion and declines to award such fees as Defendants request. While *pro se* litigants should not be permitted to file frivolous claims without consequence, the Court also recognizes that the imposition of fees and costs may be a greater burden to *pro se* litigants than to parties represented by counsel. Sensitive to that reality, the Court declines Defendants' request for fees and costs. However, the Court warns Lee that future deficient attempts at removal may result in the award of costs and fees for which she may be found personally liable.

## V. CONCLUSION

Again, the Court understands and appreciates Lee's concerns. That said, she has failed to carry her burden of establishing that the Court should issue a TRO or should quash the proceedings of the state court. What's more, in light of the probate exception, the Court finds that it lacks federal, or supplemental, jurisdiction over this case. Accordingly, Lee's Petitions are DENIED, and Defendants' Motion is GRANTED in part and DENIED in PART, and the matter is REMANDED to state court for all further proceedings.

## VI. ORDER

IT IS HEREBY ORDERED:

1. Lee's Petition to Quash for Lack of Capacity (Dkt. 2) is **DENIED**.

2. Lee's Ex Parte Application for Emergency Injunction and Temporary Restraining Order (Dkt. 4) is **DENIED.**

3. Defendants' Motion to Dismiss and/or Remand and for Award of Attorney Fees and Costs is **GRANTED** in PART and **DENIED** in PART. It is GRANTED to the extent the Court will remand this matter to state court; it is DENIED as no fees or costs will be awarded.

4. This case is **REMANDED** to state court and **CLOSED**.

DATED: November 1, 2023

_____
David C. Nye
Chief U.S. District Court Judge