UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IDA LEE,<br><br>　　　　Plaintiff,<br><br>v.<br><br>HON. JEFF PAYNE, et al.,<br><br>　　　　Defendants. | Case No. 3:23-cv-00388-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court are four motions filed by Plaintiff Ida Lee: a Motion for Reconsideration (Dkt. 11), a Motion to Clarify (Dkt. 14), a Motion for a Protective Cease and Desist Order (Dkt. 17), and a Motion for Declaratory Judgment (Dkt. 18) (collectively, the "Motions").

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motions on the record and without oral argument.[1] Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons outlined below, the Motions are DISMISSED as MOOT.

## II. BACKGROUND

---

[1] The Court acknowledges that Defendants have not been given a full opportunity to respond to Lee's two latest Motions (Dkts. 17–18). However, for reasons explained herein, there is no argument that either party could advance that would alter today's Memorandum Decision and Order (the "Order"). Accordingly, the Court issues the Order without having received a Response from Defendants.

MEMORANDUM DECISION AND ORDER – 1

This case arises out of a dispute surrounding a trust created by Lucy B. Lyons in her Last Will and Testament (the "Trust"). In the Trust, Lyons named her daughter Wilma E. Bentley ("Bentley") as a trustee and beneficiary, and her granddaughter Melony K. McRoberts ("McRoberts") as a successor trustee and contingent beneficiary. On March 23, 2022, McRoberts initiated a suit in state court, asserting that Bentley had not complied with trust directives and was misusing trust assets. In her complaint, McRoberts requested that the court remove Bentley as trustee and install McRoberts as successor trustee. Bentley responded to the complaint *pro se*, contesting McRoberts' allegations.

As the litigation proceeded, Ida Lee, a non-attorney and the Plaintiff in this case, began acting on behalf of Bentley, "in her capacity as [power of attorney]," and raised a variety of procedural and constitutional concerns with the ongoing proceedings. Dkt. 2-1, at 1–6. The state court apparently found Lee's concerns unfounded, declined to allow her to represent Bentley, and continued its course. Lee subsequently attempted to remove the case to federal court, requesting that the Court quash the state-court proceedings and issue a temporary restraining order halting all litigation. Dkts. 1–2. On November 2, 2023, the Court issued a Memorandum Decision and Order (the "Order"), declining to do so. Dkt. 10. In the Order, the Court found that Lee's claims were unlikely to succeed on the merits *and* that the Court lacked jurisdiction over the case. *Id.* Pursuant to these findings, the Court ordered that the case be remanded and closed.

Since November 2, 2023, Lee has filed four more motions with the Court, and various other documents, stylized as "memoranda," "objections," and "rebuttals." Dkts. 11–15, 17–18. Lee's Motion for Reconsideration (Dkt. 11) (along with its supporting

MEMORANDUM DECISION AND ORDER – 2

documents) and Motion to Clarify (Dkt. 14) take issue with the Order. Her Motion for a Protective Cease and Desist Order (Dkt. 17) and Motion for Declaratory Judgment (Dkt. 18) ask the Court to take further action in this case.

### III. DISCUSSION

Lee has spent significant time and effort raising concerns with the Court's position in the Order, its understanding of the law, and its commitment to the Constitution. The Court commends her effort. It will begin this section by addressing what it deems to be Lee's primary concerns in hopes of ironing out any misunderstandings. It will then analyze the Motions.

#### A. Lee's Concerns

First, Lee alleges that the Court failed to fully read her Petition to Quash for Lack of Capacity. Dkt. 11, at 2. This is not true. Lee's misunderstanding is likely the result of the Court's statement in the Order that, given the defects in Lee's request for a Temporary Restraining Order (a "TRO"), it did not need to separately analyze her Petition to Quash. Dkt. 10, at 8–9. In saying that it need not "analyze" Lee's Petition, the Court intended to convey that, because the same flaws that doomed Lee's TRO request also doomed her Petition to Quash, it would be unnecessary for the court to rehash those shortcomings as they applied to the Petition. In other words, it was unnecessary to analyze—or write about—the failures of Lee's Petition because those failures would ultimately lead to the end at which the Court had already arrived—dismissal. The Court did not intend to convey that it did not read or give serious consideration to Lee's arguments. It did read them and consider them.

Lee also states that the Order deprived her of due process because the Court did not address her "federal questions." Dkt. 11, at 3. This assertion evidences a misunderstanding of federal question jurisdiction. The Framers of the Constitution gave federal courts limited judicial authority. *See* U.S. CONST. art III, § 2, cl. 1. Article III grants federal courts jurisdiction over "all Cases, in Law and Equity, arising under this Constitution, [or under] the Laws of the United States . . . ." *Id.* An ongoing state court proceeding may be removed to federal court only if the initial dispute—the dispute that was brought in state court—could have been brought in federal court. *See* 28 U.S.C. § 1441(a). The probate dispute between the posterity of Lucy Lyons could not have been brought in federal court because probate law does not arise under the Constitution or the laws of the United States—it arises, in this case, under the laws of the State of Idaho. If Lee is unhappy with the way the Idaho District Court resolves the dispute, she can appeal the court's decision to the Idaho Supreme Court. What she *cannot* do is use the federal district court as a quasi-appellate supervisor of its state-level counterpart.

Now, it is at least conceivable that, at some point during her interactions with the posterity of Lucy Lyons, Lee's constitutional rights were violated. But if Lee wants to seek redress for those potential violations, the proper avenue is *not* removal. Instead, Lee would need to file separate complaint—a complaint that, on its face, raises a question that arises under the Constitution or federal law.[2] *See, e.g.*, *Takeda v. Northwestern Nat'l Life Ins.*

---

[2] In crafting such a complaint, Lee would be best served by enlisting the help of an attorney. Lee has not been shy in expressing her distaste for attorneys, and the Court acknowledges that, considering her history, this suggestion may fall on deaf ears. But, in the Court's experience, parties represented by counsel are better positioned for success than those who are not.

MEMORANDUM DECISION AND ORDER – 4

*Co.*, 765 F.2d 815, 821–22 (9th Cir. 1985). Lee may bristle at the requirements established by the Framers. But the Court is not at liberty to discard constitutional boundaries simply because Lee invoked the terms "due process" and "equal protection of the laws."

### B. Analysis of the Motions

A threshold question the Court must answer before addressing the Motions individually is whether it can reconsider the Order or otherwise exercise jurisdiction over this case where it has already determined that it lacks jurisdiction. *See* Dkt. 10, at 9 (stating that the Court "lacks federal, or supplemental, jurisdiction over this case"). For the reasons explained below, the Court finds that it cannot.

In their Motion to Dismiss, Defendants requested that the Court "dismiss[] and/or remand[]" the case pursuant to 28 U.S.C. § 1447. Dkt. 6-1, at 2. The Court granted this request.[3] Section 1447(d) states "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise," unless a federal officer or agency is being sued or the underlying action stems from a civil rights complaint. Here, Lee is not suing any federal officer or agency—she is suing a state Magistrate Judge and two attorneys. Further, the underlying action is not a civil rights complaint—it is a probate dispute. Thus, this case cannot be reviewed on appeal or otherwise. In *Seedman v. U.S. Dist. Ct. for Cent. Dist. Of Cal.*, the Ninth Circuit made clear that the language of § 1447(d) "preclude[s] not only appellate review but also reconsideration by the district court." 837 F.2d 413, 414 (9th Cir. 1988). The Circuit Court elaborated that "[o]nce a district court

---

[3] Defendants' Motion was denied only to the extent that it requested attorney fees and costs.

MEMORANDUM DECISION AND ORDER – 5

certifies a remand order to state court it is divested of jurisdiction and *can take no further action on the case*." *Id.* (emphasis added).

Here, Lee has asked the Court to reconsider the Order (Dkt. 11), to clarify its remand to state court (Dkt. 14), to issue a cease-and-desist order (Dkt. 17), and to issue declaratory judgment (Dkt. 18). However, because the Court has already certified a remand order to state court, it is prohibited from taking any of those actions under § 1447(d). Thus, the Motions are DISMISSED as MOOT. Further, because this case is closed and the Court may no longer exercise jurisdiction over this matter, the Court will decline to accept further filings by any party.

## IV. ORDER

IT IS HEREBY ORDERED:

1. Lee's Motion for Reconsideration (Dkt. 11) is **DISMISSED** as **MOOT**.
2. Lee's Motion to Clarify Remand (Dkt. 14) is **DISMISSED** as **MOOT**.
3. Lee's Motion for Protective Cease and Desist Order (Dkt. 17) is **DISMISSED** as **MOOT**.
4. Lee's Motion for Declaratory Judgment (Dkt. 18) is **DISMISSED** as **MOOT**.
5. No further filings will be accepted in this closed case.

DATED: March 5, 2024

David C. Nye
Chief U.S. District Court Judge